520 A.2d 458

**Joyce Elizabeth LIBERTO, Appellee,**

v.

**Samuel Albert LIBERTO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 4, 1986.

Filed Jan. 23, 1987.

Samuel P. Kamin, Pittsburgh, for appellant.

Dennis J. Miller, Pittsburgh, for appellee.

Before CAVANAUGH, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

This is an appeal from a final order granting a divorce on the basis of Section 201(d) of the Divorce Code of 1980.[1] In granting the divorce, the court found that the marriage had been irretrievably broken and that the parties had lived separate and apart for a period of at least three (3) years. Husband-appellant contends on appeal that the trial court erred by failing to order counseling prior to entering a final decree of divorce. He also avers that the court erred by entering an initial "decree in divorce," rather than a "decision" to which he could file exceptions. We find no basis for reversing and, therefore, affirm the final decree of divorce.

1. 23 P.S. § 201(d).

Joyce Liberto, appellee, and Samuel Liberto, appellant, were married on August 17, 1968. Wife-appellee filed a complaint in divorce on April 1, 1982 seeking a divorce under Section 201(c)[2] of the Divorce Code, with ancillary claims for custody, child support, equitable distribution, alimony, counsel fees and costs. An affidavit of consent was filed by wife-appellee on March 25, 1983. Upon husband-appellant's failure to file an affidavit of consent, as permitted by Section 201(c), wife-appellee elected to proceed under Section 201(d)(1) of the Divorce Code[3] and, on September 20, 1985, filed a new affidavit of consent. Husband-appellant then filed a counter-affidavit in which, inter alia, he "specifically request[ed] the court to order a 120 day continuance, pursuant to Section 201(d)(2),[4] during which period the court should order marital counseling."

**2.** Subsection 201(c) provides:

(c) It shall be lawful for the court to grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and 90 days have elapsed from the date of filing of the complaint and an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce.

**3.** Subsection (d)(1) of § 201 provides:

(d)(1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:

(i) the respondent does not deny the allegations set forth in the affidavit; or

(ii) the respondent denies one or more of the allegations set forth in the affidavit, but after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken.

**4.** Section 201(d)(2) provides:

(2) If a hearing has been held pursuant to paragraph (1)(ii), and the court determines that there is a reasonable prospect of reconciliation, then the court shall continue the matter for a period of not less than 90 days nor more than 120 days, unless the parties agree to a period in excess of 120 days. During such period, the court shall require counseling as provided in section 202. If the parties have not reconciled at the expiration of the time period and one party states under oath that the marriage is irretrievably broken, the court shall determine whether the marriage is irretrievably broken. If the court determines that the marriage is irretrievably broken, the court shall grant the divorce. Otherwise, the court shall deny the divorce.

On February 18, 1986, a hearing was held before the Honorable R. Stanton Wettick, after which a decree in divorce was entered on grounds of "irretrievable breakdown." Husband filed exceptions to this decree on February 28, 1986 and filed a motion to strike the divorce decree on March 10, 1985. In his motion to strike the divorce decree, Husband asserted that the trial court had erred in not ordering counseling under Section 202,[5] as he had requested, and also that the court had erred in entering a divorce decree rather than a "decision" which stated the reasons for the proposed divorce, as required by Pa.R.C.P. 1920.52. Following a hearing on these issues, the court entered a final decree in divorce. Husband appealed.

■ "In the review of a divorce case, it is the responsibility of this court to make a de novo evaluation of the record and to decide independently of the master and the lower court whether a legal cause of action in divorce exists." *Jones v. Jones,* 311 Pa.Super. 407, 409–411, 457 A.2d 951, 952 (1983). See: *Sinha v. Sinha,* 341 Pa.Super. 440, 447, 491 A.2d 899, 902 (1985); *Thomas v. Thomas,* 335 Pa.Super. 41, 45, 483 A.2d 945, 946 (1984); *Remick v. Remick,* 310 Pa.Super. 23, 28–29, 456 A.2d 163, 166 (1983); *Keller v. Keller,* 275 Pa.Super. 573, 576, 419 A.2d 49, 50 (1980). In the instant case, the trial court held that the evidence supported a grant of a unilateral "no fault" divorce under Section 201(d) of the Divorce Code because (1) the parties had lived "separate and apart" for at least three (3) years; and (2) the marriage was irretrievably broken. The record supports the trial court's findings.

5. Section 202 provides, in pertinent part:
   (c) Whenever the court orders a continuation period as provided in section 201(d)(2), the court shall require up to a maximum of three counseling sessions within the time period where either of the parties requests it or may require such counseling where the parties have at least one child under 16 years of age.
   (d) Whenever section 201(a)(6), (c) or (d) is the ground for divorce, the court shall upon filing of the complaint, notify both parties of the availability of counseling and upon request, provide both parties a list of qualified professionals who provide such services.

Following their separation, the parties did not share the same home, did not cohabit, did not engage in sexual relations, and did not take trips or attend social functions together. The only contact between the parties was in regard to the children. The evidence revealed that neither party had made any attempts to reconcile during the period of separation, that Husband had previously rejected marriage counseling, and that Wife did not wish to engage in counseling and unequivocally rejected any possibility of reconciliation. The marriage clearly was irretrievably broken.

■ We are asked nevertheless to hold it improper to grant a divorce pursuant to Section 201(d) without first ordering counseling when a party requests it. However, Judge Wettick specifically found that the marriage was irretrievably broken and that there was no reasonable prospect of reconciliation. In view of this finding, which is supported by the record, the court was not required to continue the action for ninety (90) days at the request of one of the parties. Section 201(d)(2) must be construed in a common sense manner. It was intended to provide additional time and counseling where the possibility of reconciliation existed. It was not intended to compel a court to engage in futile and useless exercises, nor was it intended to provide a spouse with the means to delay the entry of a decree in divorce for no good reason. Cf. *Thomas v. Thomas, supra.*

■ Pa.R.C.P. 1920.52(a) directs that in a contested action of divorce, "the trial judge shall enter a decision which shall state the reasons therefor." Husband-appellant contends that the trial court erred procedurally by entering a "decree of divorce" rather than a "decision." We conclude, however, that even if the trial court's decision was mislabeled, the error was harmless. Husband was nevertheless permitted to file a motion for post-trial relief under Pa.R.C.P. 227.1—which he erroneously labeled exceptions—and a final decree in divorce was not entered until all issues raised

post-trial had been argued by counsel and decided by the court.

The final decree is affirmed.

JOHNSON, J., joins this opinion and also the concurring opinion by CAVANAUGH, J.

CAVANAUGH, J., files a concurring opinion.

CAVANAUGH, Judge, concurring:

I concur in the result achieved by the majority since I believe that the record created in the court below demonstrates that the parties' marriage was irretrievably broken. I write separately to emphasize that the counseling provisions contained in the Divorce Code are intended to be utilized whenever it appears that there is a reasonable prospect of reconciliation between the parties and that such a determination should not be avoided merely upon the testimony of one party that the marriage is irretrievably broken. One party may not effectively nullify the counseling provisions through a simple recitation that in his or her belief the marriage is irretrievably broken.

The record before us contains far more than the mere assertion by one party of irretrievable breakdown. Rather the evidentiary hearing conducted by the lower court establishes that the entire course of dealing between the parties since August 1982 contained little or no efforts by either party to preserve the marriage.

The unilateral termination of a marriage without the benefit of counselling is not a step to be undertaken lightly by the courts. It is only upon a complete record, such as that present in this case, that a determination of irretrievable breakdown should be made and counseling not be required.

JOHNSON, J., joins this concurring opinion.