J-S19031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANN S. BORIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VAMSIDHAR VURIMINDI | : | |
| | : | |
| Appellant | : | No. 77 EDA 2017 |

Appeal from the Order December 16, 2016
in the Court of Common Pleas of Philadelphia County
Domestic Relations at No.:  August Term 2010 No. 8575

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                              **FILED MAY 30, 2018**

Husband, Vamsidhar Vurimindi, appeals *pro se* from the order announcing the bifurcated divorce decree entered on December 16, 2016.[1] We affirm.

We take the following facts and procedural history from our independent review of the record and the trial court's April 21, 2017 opinion.  Husband and Wife, Ann S. Boris, married on October 28, 2005.  On March 13, 2010, they separated, and Wife filed a complaint in divorce on August 27, 2010.  The

_____

[1] On March 3, 2017, after issuing a rule to show cause as to the interlocutory nature of Husband's equitable distribution issues, and receiving Husband's response thereto, we entered an order advising him that only his issues related to the divorce decree are final and appealable at this time. (**See** Order, 3/03/17).   Therefore, we quash Husband's equitable distribution issues without prejudice.

_____

*   Retired Senior Judge assigned to the Superior Court.

complaint required several reinstatements. The final reinstatement occurred on June 5, 2012. Husband filed his answer and counterclaim on July 2, 2012, seeking, *inter alia*, alimony and equitable distribution.

The trial court opinion aptly details the ensuing procedural history.

On June 5, 2013, an order approving grounds under section 3301(d)[2] of the Divorce Code[3] was entered. Divorce Master Dennis O'Connell held two hearings on March 26, 2014, and August 29, 2014. As stated in Master O'Connell's report, it was necessary for [him] to abruptly conclude the second hearing as the result of Husband['s] disruptive behavior and shouting of obscenities. The master left the record open for submission of additional documentation and[,] on June 19, 2015, filed his report. Husband filed his praecipe for a trial *de novo* on July 9, 2015. On August 26, 2015, the . . . supervising judge of family court[] assigned the *de novo* divorce hearing to the [trial court].

Husband has been incarcerated since October 2013, following a determination by the criminal court that he violated the terms of his bail. The criminal docket shows that during the pendency of Husband's criminal case, there were numerous orders for mental health evaluations, with [at] least one interim determination that was later superseded, that he was incompetent to stand trial. On February 7, 2014, Husband was convicted of two counts of stalking pursuant to 18 Pa.C.S.[A.] section 2709.1(a[)(1]) and one count of disorderly conduct pursuant to 18 Pa.C.S.[A.] section 5503(a)(1).

Husband has represented himself during these divorce proceedings. This divorce action has been unduly protracted due to the high volume of filings by Husband. During the course of the divorce proceedings, Husband has filed in excess of twenty-five motions or petitions[.] . . . In addition, Husband has filed four appeals to the Superior Court, not including the instant appeal, all of which have been quashed.

---

[2] Irretrievable breakdown.

[3] 23 Pa.C.S.A. §§ 3301-3333.

Th[e trial] court held three hearings on Husband's praecipe for a *de novo* trial, which were scheduled on July 25, 2016, December 12, 2016 and December 16, 2016. Wife was represented by counsel at each of the hearings and Husband proceeded as self-represented. Due to Husband's incarceration, he participated by telephone at each listing and the prison limited the length of each of the hearings to approximately two hours. . . .

(Trial Court Opinion, 4/21/17, at 3-4) (record citations and unnecessary capitalization omitted).

On December 16, 2016, the trial court filed an order entering the divorce decree, finding both parties have "sufficient economic protection pending disposition of the economic matters[,]" retaining jurisdiction to determine equitable distribution, and allowing Wife to maintain possession of the marital home. (**Id.** at 4) (unnecessary capitalization omitted). Husband timely appealed on January 3, 2017.[4]

Husband raises ten questions for this Court's review.

(01) Whether [the trial court] made an error denying Husband's petition to compel Wife for counseling?

(02) Whether [the trial court] made an error in denying Husband's petition to assert cross-claims?

(03) Whether [the trial court] made an error in denying Husband's petition for injunction and appoint trustee in receivership?

(04) Whether [the trial court] made an error by awarding excusive possession of Husband'[s] properties to Wife?

_____

[4] Husband filed a timely court-ordered statement of errors complained of on appeal on January 23, 2017. The court filed an opinion on April 21, 2017. **See** Pa.R.A.P. 1925.

- 3 -

(05) Whether [the trial court] made an error in denying Husband'[s] motion for sanctions against Wife?

(06) Whether [the trial court] made an error in denying Husband's motion to compel Wife to provide accommodation for Husband?

(07) Whether [the trial court] made an error in denying Husband'[s] motion for discovery, home plan, and tax returns?

(08) Whether [the trial court] made an error in quashing Husband'[s] subpoenas upon Mary, NC, NT, and NCI?

(09) Whether [the trial court] made an error by ignoring Husband'[s] motion to stay proceedings; and ignoring writ of mandamus against Divorce Master Dennis O'Connell?

(10) Whether [the trial court] made an error entering bifurcated divorce decree?

(Husband's Brief, at 2-3) (unnecessary capitalization omitted).

Our review of the record in this matter reveals that Husband's second through eighth questions pertain to the equitable distribution portion of this case. (*See id.* at 2-3, 15-42). Therefore, we lack jurisdiction to review those claims, and they are quashed.[5] (*See supra* at *1 n.1).

_____

[5] Also, although not included in his statement of questions involved or fairly suggested thereby, *see* Pa.R.A.P. 2116(a), Husband argues that Wife's failure "to safeguard exculpatory evidence" resulted in his criminal prosecution. (Husband's Brief, at 30 (unnecessary capitalization omitted); *see id.* at 32). The criminal case is not before us. Therefore, we lack jurisdiction to review this claim. (*See id.* at 30-32). Moreover, the argument would be waived for Husband's failure to include it in his statement of questions involved. *See* Pa.R.A.P. 2116(a).

- 4 -

In Husband's first issue, he argues that "[the trial court] made an error denying [his] petition for counseling[.]" (***Id.*** at 13 (unnecessary capitalization omitted); ***see id.*** at 14). Husband's issue does not merit relief.

"Our standard of review in divorce actions is well settled. [I]t is the responsibility of this court to make a *de novo* evaluation of the record of the proceedings and to decide independently . . . whether a legal cause of action in divorce exists." ***Rich v. Acrivos***, 815 A.2d 1106, 1107 (Pa. Super. 2003) (citation and internal quotation marks omitted).

> There are only three situations that present the court with an opportunity to order counseling. Section 3302 of the Divorce Code provides:
>
> > **(a) Indignities**.—Whenever indignities under section 3301(a)(6) (relating to grounds for divorce) is the ground for divorce, the court shall require up to a maximum of three counseling sessions where either of the parties requests it.
> >
> > **(b) Mutual consent**.—Whenever mutual consent under section 3301(c) is the ground for divorce, the court shall require up to a maximum of three counseling sessions within the 90 days following the commencement of the action where either of the parties requests it.
> >
> > **(c) Irretrievable breakdown**.—Whenever the court orders a continuation period as provided for irretrievable breakdown in section 3301(d)(2), the court shall require up to a maximum of three counseling sessions within the time period where either of the parties requests it or may require such counseling where the parties have at least one child under 16 years of age.
>
> 23 Pa.C.S.A. § 3302(a), (b), (c).

The law is clear that the trial court is under no obligation to order marriage counseling if no reasonable prospect of reconciliation exists. [*See*] *Liberto v. Liberto*, 520 A.2d 458 (1987)[.] . . .

*Id.* at 1108 (case citation formatting provided).

More specifically:

Section [3302] must be construed in a common sense manner. It was intended to provide additional time and counseling where the possibility of reconciliation existed. It was not intended to compel a court to engage in futile and useless exercises, nor was it intended to provide a spouse with the means to delay the entry of a decree in divorce for no good reason.

*Liberto*, *supra* at 461 (citation omitted).

Here, Husband concedes, "Wife opposed counselling." (Husband's Brief, at 14). In spite of this concession, he maintains that there was "a reasonable probability that counselling would have allowed Husband and Wife to reconcile their differences[,] given that on [September 10, 2013], Wife told Husband that she will return to [him]." (*Id.*). However, on September 10, 2012, after a hearing on Husband's petition for counseling, the trial court entered an order denying it. (*See* Order, 9/10/12, at 1). In fact, four years later, after three subsequent hearings, the trial court found that irreconcilable differences existed where "Wife has demonstrated compelling circumstances [] for the entry of the decree in divorce." (Order, 12/16/16, at 1).

The record supports the court's finding of irreconcilable differences where the parties had lived separate and apart for approximately two and a half years at the time Husband's petition for counseling was denied, and they

- 6 -

were still apart six years later when the trial court granted the divorce decree.

Accordingly, under a common sense construction of section 3302, we conclude

that the court properly denied Husband's petition for counseling where there

was no reasonable probability of reconciliation.[6] ***See Rich***, ***supra*** at 1108;

***Liberto***, ***supra*** at 288.

In his ninth issue, Husband argues that the divorce master erred in

failing to grant his motion to stay the proceedings due to his incompetence.

(***See*** Husband's Brief, at 42-45). Husband's claim is waived.

We observe that:

> In instances where [divorce] claims are referred to a master, the provisions of Pa.R.C.P. 1920.55 govern. This rule requires that any objections to the master's report . . . or to any matters which occurred during the hearing, are to be included in exceptions filed within ten days after notice of the filing of the master's report is mailed. When exceptions are filed, the court is to hear argument on the exceptions and enter an appropriate final decree. . . .
>
> In counties where the hybrid procedure is employed and the matter is first heard by a master followed by a *de novo* trial court hearing, the court will disregard the master's report. . . . The court then issues an order based upon the testimony heard and information presented in the hearing. . . .

_____

[6] Moreover, Husband's argument that the trial court should have dismissed Wife's complaint for failure to provide notice of the availability of counseling is waived where Husband did not object to the complaint's omission, and instead filed an answer. (***See*** Trial Court Docket, at 2). Indeed, Husband fails to provide any legal authority to support his argument that such a procedural error requires dismissal of the complaint. (***See*** Husband's Brief, at 14). Finally, this oversight did not prejudice Husband where he petitioned for counseling ten days after receiving the complaint, and the trial court held a hearing on his request. (***See*** Trial Court Docket, at 2).

. . . Because this practice requires the court to hold a *de novo* hearing after the matter has been heard before a master, the initial hearing becomes a nullity, as does the master's report. . . .

*Pavie v. Pavie*, 606 A.2d 1207, 1209-10 (Pa. Super. 1992) (citation omitted).

Here, after the master filed his report, the court held a thorough *de novo* hearing in which it received testimony and exhibits from both parties, at the request of Husband. (*See* Trial Ct. Op., at 4). Therefore, the master's report is a legal nullity, and Husband waived his opportunity to challenge it when he failed to file exceptions and instead filed a praecipe for a trial *de novo*.[7] *See Pavie*, *supra*, at 1209.

In his tenth issue, Husband maintains that the trial court abused its discretion in ordering a bifurcated divorce decree. (*See* Husband's Brief, at 49-53). This issue lacks merit.

> Bifurcation, the severance of divorce claims from economic claims, is authorized by the Divorce Code. Our Rules of Civil Procedure recognize that:

> > ([c]) The court need not determine all claims at one time but may enter a decree adjudicating a specific claim or claims. [. . .]

_____

[7] We note for sake of completeness that Husband was declared incompetent in his criminal trial, on October 11, 2012, deemed competent on November 29, 2012, and deemed incompetent again on December 13, 2012. (*See* Criminal Docket, CP-51-CR-8022-2012, at 8-9). Although the criminal docket does not reflect when Husband was declared competent again, it does evidence that he began filing a plethora of motions beginning on August 9, 2013, and proceeded to a trial where he was found guilty. (*See id.* at 12). Therefore, from at least 2010 until October 11, 2012, and then after August 9, 2013, there is no evidence that Husband was incompetent to proceed in this divorce matter.

Pa. R.C.P. 1920.52([c])[.] . . . Additionally, the Divorce Code contains the following recognition of the procedure:

> **Bifurcation.—**In the event that the court is unable for any reason to determine and dispose of the matters provided for in subsection (b) [ancillary claims] within 30 days after the report of the master has been filed, it may enter a decree of divorce or annulment. Upon the request of either party and after a hearing, the court may order alimony *pendente lite,* reasonable counsel fees, costs and expenses and may make a temporary order necessary to protect the interests of the parties pending final disposition of the matters in subsection (b).

23 Pa.C.S.[A.] § 3323(c). . . .

> . . . [W]hen a court considers whether to bifurcate:

> The eventual decision should be the approach which is fair to both parties.

> Since the decision to bifurcate is discretionary, we will review lower court decisions pertaining to bifurcation by using an abuse of discretion standard. So long as the trial judge assembles adequate information, thoughtfully studies this information, and then explains his decision regarding bifurcation, we defer to his discretion. In other words, this determination should be the result of a reflective examination of the individual facts of each case.

> Thus, we require not only an on-the-record analysis of factors, but also a finding as to whether bifurcation would be fair under the circumstances, prior to the entry of a decision. . . .

*Savage v. Savage*, 736 A.2d 633, 644-45 (Pa. Super. 1999) (case citations and footnote omitted).

Instantly, the court explained:

. . . [S]o, there are a number of financial issues that I still have to determine how to distribute the asset.

> However, I do believe that there are compelling circumstances at this time for me to enter an entry of divorce. I am going to enter the divorce decree today. And I am going to hold under advisement, I retain jurisdiction of all economic issues, and that under Section C point [one] of section 3323, if the moving party has demonstrated that compelling circumstances exist for the entry of the decree, and that there are sufficient economic protections provided for each of the parties[.] I do believe that exists in this case, therefore, I do decree that [Wife] and [Husband] are hereby divorced from the bonds of matrimony.
>
> . . . [I]t is a bifurcated divorce[.] . . .

(N.T. Hearing, 12/16/16, at 100-01). We do not discern an abuse of discretion.

The court explained its reasons for bifurcation, after having had the benefit of three partial days of hearing testimony, and the vast record, including all economic documentation. The parties had been litigating the divorce for six years, since 2010. (**See id.** at 104; Trial Court Docket, at 2). The case was assigned to the trial judge, on August 2015, after five years of litigation had already occurred. The trial court observed that, in determining the equitable distribution of the marital assets, it would be required to consider three real estate properties, an escrow account of approximately $75,500.00, and the marital value of the increase or decrease in value to a corporation and a limited liability company. (**See** N.T. Hearing, 12/16/16, at 99-100).

Further, the notes of testimony support the court's conclusion that there were "compelling circumstances" to enter the divorce decree. (**Id.**

at 100).  The record reflects Husband's undetermined release date from prison due to his misconduct, (**see** N.T. Hearing, 12/12/16, at 108); his potential deportation issues, (**see id.** at 17; N.T. Hearing, 12/16/16, at 97-98); and Wife's declining health, (**see** N.T. Hearing, 7/25/16, at 8-9; N.T. Hearing, 12/16/16, at 94-95).  Finally, the court ensured that its decision to bifurcate the economic issues was fair to both parties by ordering that "neither party may enjoin, encumber, or otherwise dispose of any of the property that is before the [c]ourt in this divorce action." (N.T. Hearing, 12/16/16, at 101).

Based on the foregoing we conclude that the trial court properly exercised its discretion when it ordered the bifurcation of the divorce decree.  **See Savage**, **supra** at 644-45.  Appellant's tenth issue lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/18

- 11 -