J-A30026-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| T.T., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| v. | : | |
| | : | |
| | : | |
| L.M., | : | |
| | : | |
| Appellant. | : | No. 966 WDA 2018 |

Appeal from the Order Entered June 6, 2018,
in the Court of Common Pleas of Allegheny County,
Family Court at No(s): FD-10-002077-008.

BEFORE:   SHOGAN, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:                     FILED FEBRUARY 04, 2019

L.M. (Mother) appeals the custody order that denied her request to relocate the parties' 13-year-old son (Child) from Allegheny County, where he resides with T.T. (Father), to her home in Las Vegas, Nevada. Because the trial court did not analyze the requisite relocation factors, we are constrained to vacate the order and remand with instructions.

In light of our disposition, a full recitation of the factual history is unnecessary. The overture is this: The parties have lived separately since 2010. Mother had been the primary custodian until 2014, when she left the Commonwealth and moved to Nevada. The Child moved in with Father in Allegheny County where he remained for approximately three years until July 2017. The Child then stayed with Mother in Las Vegas for five months, before returning to Father's care in Allegheny County in December 2017. Mother

_____

* Retired Senior Judge assigned to the Superior Court.

petitioned for relocation in May 2018. Although she filed and served upon Father a notice of proposed relocation, Father did not file a counter-affidavit objecting to Mother's proposal. Instead, he filed a complaint in custody. The court held a hearing on June 4 and June 6, 2018. Father represented himself.

The trial court accepted Mother's reasons for moving to Las Vegas, where she has achieved personal and professional success. The court denied Mother's request to relocate the Child, however, partly because the Child preferred to reside with Father in Pennsylvania. Mother filed a timely notice of appeal contemporaneously with her concise statement of errors complained of on appeal. See Pa.R.A.P 1925(a)(2)(i); (b).

Mother presents for our review three issues, which we restate for clarity:

1. Did the trial court err as a matter of law and commit an abuse of discretion under the Due Process Clause and Pennsylvania Rule of Procedure 1915.17(b) when it allowed Father to present a case even though he failed to timely file a counter-affidavit contesting the Child's proposed relocation?

2. Did the trial court err as a matter of law and commit an abuse of discretion in its failure to consider any of the 23 Pa.C.S.A. § 5337(h) relocation factors?

3. Did the trial court err as a matter of law and commit an abuse of discretion in its application of the 23 Pa.C.S.A. § 5328(a) custody factors?

See Mother's Brief, at 2-3.

We begin by acknowledging our scope and standard of review in custody cases:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must

- 2 -

> accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

D.K. v. S.P.K., 102 A.3d 467, 478 (Pa. Super. 2014) (citation omitted).

However, we observe that Mother's claims also require us to interpret the inner workings of the relocation statute, 23 Pa.C.S.A. § 5337. "Issues of statutory interpretation are questions of law where "the appellate standard of review is de novo and the appellate scope in plenary." Id., at 471. (Citations omitted).

Section 5337 ("Relocation") of the Child Custody Act anticipates that the parent seeking relocation intends to move with the child. Mother's appellate issues require us to determine what extent § 5337 applies when a parent has already moved and only seeks to relocate the child.

In her first issue, Mother argues that Father's noncompliance with the rules of procedure should have prohibited him from opposing her proposed relocation at trial. Specifically, Mother contends that Father should have been barred from presenting a case, because he failed to file a counter-affidavit objecting to her proposed relocation. With hardly any citation to legal authority, Mother claims that the court's leniency of Father's noncompliance

amounts to an abuse of discretion and then some.[1]  Mother's argument fails for three distinct reasons.

First, Father did not substantially affect Mother's rights, because he put her on sufficient notice that he opposed the relocation.

Rule 1915.17 mandates that if a party opposes the proposed relocation, the opposing party must serve a counter-affidavit. See Rule 1915.17(a)-(b). Although Father did not file a counter-affidavit, upon receiving notice of Mother's relocation petition, he did one better.  He challenged the relocation by filing his own custody complaint.  This was good enough for the trial court. Indeed, the filing of a custody complaint, combined with taking additional steps, would be the proper procedure to prevent a relocation in certain situations. See Rule 1915.17(h)(1).

We are mindful that the rules shall be liberally construed, and that the court may disregard any error or defect of procedure which does not affect the substantial rights of the parties. See Pa.R.C.P. 126 ("Liberal Construction an Application of Rules") (emphasis added).  The trial court determined Mother's substantial rights were not affected by Father's noncompliance with the rules of procedure.  Father's custody complaint effectively put her on

_____

[1] In her brief, Mother decries: "Allowing the lower court to reason in this fashion creates daunting precedent for this Commonwealth in that said reasoning permits pro se litigants to do what they want when they want without any regard for the law nor court order; creating that kind of precedent goes against the aim of the framers in that it would create judicial chaos and anarchy.  In fact, such precedent may even render our legal profession moot." See Mother's Brief, at 5.

- 4 -

notice that he intended to prevent the relocation. Mother cannot say she was unprepared at trial. But our analysis does not hinge solely on the liberal construction of the procedural rules.

The second reason Mother's argument fails is because the statutory provision Mother relies upon is clearly inapplicable under these facts.

Rule 1915.17, supra, merely delineates the precise relocation procedure mandated by 23 Pa.C.S.A. § 5337(d). Section 5337(d)(4) provides: if a party has been given proper notice of the relocation, but does not file an objection (by way of a counter-affidavit), then the court shall not accept testimony challenging the relocation. This prohibition is nowhere in Rule 1915.17. While Mother cites § 5337 generally, she does not reference § 5337(d)(4), the only provision barring testimony. And this Court had made very clear that certain provisions of § 5337 do not apply in situations like this where only the child – but not the parent - stands to relocate. See D.K. v. S.P.K., supra, 102 A.3d at 473.

In D.K., we concluded that when neither parent is moving, and only the child stands to relocate a significant distance, then the relocation provisions of 23 Pa.C.S.A. § 5337 are not per se triggered. Specifically, we ruled that the party seeking relocation did not have to comply with the notice provision in § 5337(c), because the petitioning party had already moved. See D.K., 102 A.3d at 473. We reasoned:

> Section 5337(c) obviously envisions a change in the relocating party's geographical location that will impact custody and arms the nonrelocating party with the

> information necessary to assess the proposed change of circumstances. In a case such as this, where both parents remain in their established residences, there are no changed circumstances to assess. The challenge is solely to a change in the custody arrangement and not to party's relocation. Moreover, in a custody case where both parties continue to live in their current residences, the information required under § 5337(c) is either known or will be revealed as a matter of course in either the complaint for custody or the custody proceedings.

Id.

In D.K., we also cited § 5337(d) ("Objection to proposed relocation.--") to underscore that much of the relocation statute only applies when the petitioning party seeks to move with the child. Section 5337(d)(1) provides in relevant part: "The nonrelocating party shall have the opportunity to indicate whether he objects to relocation or not and whether he objects to modification of the custody order or not." (Emphasis added). From this passage, we concluded that § 5337(d) "plainly differentiates between objections to party's relocation and objections to modification of the custody arrangements." D.K., 102 A.3d at 473. (Emphasis added). We concluded: "[w]hile it is clear that every request for relocation pursuant to the statute implicates the custody of the child, the relocation provisions are not triggered unless one of the parties is relocating." Id., at 474. (Emphasis added).

Returning to the instant case, Mother's argument fails because Father did not have to object to Mother's relocation; she had already moved to Las Vegas over three years prior. And to the extent Father needed to object to Mother's proposed custody arrangement, he could not have been clearer when

he filed his own complaint. Even a cursory read of D.K. suggests that if the notice provision does not apply, neither does the provision requiring the responsive counter-affidavit.[2]

Notwithstanding Mother's embellishment of the interplay between the procedural rule and the relocation statute, Mother's argument fails for a third and final reason.

The family court reasoned that Father was entitled to his own custody hearing on account of his custody complaint, a separate cause of action that was independent of Mother's proposed relocation. See Trial Court Opinion (T.C.O.), 8/7/18, at 5. Judicial economy warranted combining the two matters to hold a single hearing as soon as possible. The trial court explained, "Father's evidence in support of his custody complaint was essentially an objection to Mother's request for relocation." Id. The court correctly refused

_____

[2] We also note that Mother's brief is particularly disingenuous. Mother ignores D.K. when discussing her first appellate issue, but then quotes D.K. at length in the argument section of her second appellate issue (regarding the relocation factors). See Mother's Brief, at 17; see also D.K., 102 A.3d at 477-478. Indeed, the D.K. passage she relies on for her second issues came after the D.K. Court's discussion and conclusion that the notice provision did not apply. Not only is Mother silent on the likelihood that the counter-affidavit provision similarly inapplicable, but she also misleads this Court into believing the opposite is true. Mother claims that the "precedence (sic) in this Commonwealth establishes (sic) the dire necessity of compliance with 23 Pa.C.S.A. § 5337 and the deprivation of rights that occurs where compliance is willfully disobeyed." See Mother's Brief, at 11-12. Nothing in the record suggests Father's noncompliance was "willful." Nothing in D.K. suggests the "dire necessity of compliance" with § 5337. In fact, D.K. makes clear that § 5337 is largely irrelevant when neither parent is actually relocating.

to put form over function. For the aforementioned reasons, we conclude Mother's first claim is meritless.

We turn next to Mother's second contention, where she alleges the court erred by failing to analyze the relocation factors under § 5337(h). Here, we agree that the court erred.

Again, D.K. provides clear guidance: "Although we have determined that this case does not per se trigger § 5337, we do not hold that a trial court cannot or should not consider the factors of § 5337(h) in a case where a request for modification of the custody order involves the change of residence of the child to a significantly distant location." D.K., 102 A.3d at 474. When the child stands to move a significant distance, trial courts should still consider the relevant factors of § 5337(h) in their § 5328(a) best interests analysis. See Id., at 477-478. We reasoned that the best interests analysis' catchall provision, i.e. § 5328(a)(16) ("Any other relevant factor"), encompasses the § 5337(h) relocation factors.

In D.K., we relied on Clapper v. Harvey, 716 A.2d 1271 (Pa. Super. 1998), a case that predated the enactment of both § 5328(a) and § 5337(h). Clapper involved a mother in Florida seeking custody of her child who lived with the father in Pennsylvania. We ruled that the best interests custody analysis requires consideration of the "Gruber factors," which were the forbearers to the codified relocation factors in § 5337(h). See D.K. v. S.P.K., 102 A.3d at 475-476 (Pa. Super. 2014); see also Clapper v. Harvey, 716 A.2d 1271, 1272-1273 (Pa. Super. 1998); and see generally Gruber v.

Gruber, 583 A.2d 434 (Pa. Super. 1990). In D.K., we determined the court must consider both sets of factors even though we recognized some of the § 5337(h) relocation factors are encompassed either directly or implicitly by the § 5328(a) factors.[3]  See D.K., 102 A.3d at 477.

In the instant case, the trial court stated it did not consider the matter to be a relocation issue because Mother was not seeking to move; she had resided in Las Vegas for more than three years before she formally sought to regain primary physical custody of the Child. See T.C.O., at 5.  The court acknowledged the similarity between some of the relocation factors and best interests factors of § 5328(a).  The court even alluded to some considerations specific to relocation.  However, the court stated it ultimately found the § 5328(a) factors to be "more comprehensive and more appropriate to this case." Id.

As we discussed above, not every § 5337 provision applies to every relocation case.  And the trial court very well could be correct in surmising that the § 5328(a) best interest factors are more relevant in this matter than

_____

[3] The relocation context is not the only instance where § 5328(a)(16) has incorporated other, previously recognized custody considerations.  In S.T. v. R.W., 192 A.3d 1155, 1168 (Pa. Super. 2018), we concluded that § 5328(a)(16) mandates the consideration of the "Etter factors" in custody cases where a parent is incarcerated.  See also Etter v. Rose, 684 A.2d 1092, 1093 (Pa. Super. 1996).  Moreover, we stated the court had to consider the Etter factors even though some might be inapplicable or duplicative of certain § 5328(a) factors. See S.T., 192 A.3d at 1168.

the § 5337(h) relocation factors. But the court mistakenly assumed it had to choose between one set of factors or the other. The court erred when it did not consider both.

Accordingly, we are constrained to vacate the court's June 6, 2018 order of court and remand for further proceedings.[4] On remand, the trial court is directed to consider all of the best interest and relocation factors and shall set forth its analysis in a written opinion. Additionally, if the trial court deems it necessary, it should conduct an additional hearing in order to address all of the relocation factors.[5]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2019

---

[4] Since we vacate and remand, we do not address Mother's final argument assailing aspects of the trial court's findings of fact.

[5] At the hearing, the trial court seemed to anticipate the consideration of both sets of factors. See N.T., 6/4/18, at 92. ("There are 16 factors and 10 relocation factors. That's 26 factors I have to analyze."). However, the court stated in its Pa.R.A.P. 1925(a) opinion that it "treated Mother's petition as a primary custody case...." See T.C.O., at 6. The court shall decide for itself whether an additional hearing is necessary.