Elizabeth RICH, Appellee,

v.

Costas G. ACRIVOS, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 20, 2002.

Filed Jan. 16, 2003.

Costas G. Acrivos, appellant, pro se.

Laura Cohen, Pittsburgh, for appellee.

Before FORD ELLIOTT, ORIE MELVIN, and GRACI, JJ.

OPINION BY GRACI, J.:

¶ 1 Appellant, Costas G. Acrivos ("Acrivos") appealed from the September 5, 2001, Order finding that the parties lived separate and apart for a period in excess of two years and that the marriage was irretrievably broken. For the reasons that follow we affirm the order of the trial court.

## I. FACTUAL AND PROCEDURAL HISTORY

■ ¶ 2 Acrivos and Elizabeth M. Rich ("Rich") were married in 1985. In 1999, the parties separated and Rich obtained a Protection From Abuse order against Acrivos based on allegations of verbal and psychological abuse. Acrivos' claim for spousal support was denied. During the same year, Rich also filed a Complaint in Divorce which contained counts for divorce and equitable distribution. Acrivos never filed a counterclaim or a complaint for a fault divorce under 23 Pa.C.S.A. § 3301(a), although his Response to the Complaint alleged adultery and desertion. On February 27, 2001, after the parties had been separated for a period in excess of two years, Rich filed an affidavit stating that the parties had lived separate and apart for at least two years, and that the marriage was irretrievably broken. Acrivos filed a counter-affidavit contesting Rich's affidavit, and denied that the marriage was irretrievably broken. On September 5, 2001, following a hearing, the trial court found that the parties had lived separate and apart for a period in excess of two years and that the marriage was irretrievably broken. Acrivos filed a timely, pro se notice of appeal on October 15, 2001. A divorce decree pursuant to 23 Pa.C.S.A. § 3301(d) was entered on October 19, 2001.[1]

¶ 3 Acrivos raised the following questions for our review:

1. Was [Acrivos] denied a court appointed attorney and did the judge abuse her discretion?

2. Was [Acrivos] wrongly denied the required marriage counseling in violation of the divorce code?

3. Was [Acrivos] wrongly denied the motion that the divorce should be entered on grounds of desertion?

4. Was [Acrivos] wrongly denied the motion that the divorce should be issued on grounds of adultery with Father Rameas?

5. Is the adultery issue of divorce able to resolve and bring back husband and wife?

## II. DISCUSSION

■ ¶ 4 Our standard of review in divorce actions is well settled. "[I]t is the responsibility of this court to make a de novo evaluation of the record of the proceedings and to decide independently of the ... lower court whether a legal cause of action in divorce exists." Jayne v. Jayne, 443 Pa.Super. 664, 663 A.2d 169, 172 (1995).

---

1. The entry of the decree rendered the September 5, 2001 order finding the marriage irretrievably broken a final, appealable order. See Pa.R.A.P. 1701(b)(6); Campbell v. Campbell, 357 Pa.Super. 483, 516 A.2d 363 (1986)

(held that a decree of equitable distribution entered and appealed before a divorce decree, followed by the entry of a divorce decree during the appeal was final and appealable).

 ¶ 5 The first four issues present questions of law well settled by the courts. The last issue is barely cognizable as a legal question, and the argument that follows, fails to set forth how the trial court erred in finding the marriage irretrievably broken. "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [ ]he lacks legal training." *O'Neill v. Checker Motors Corp.,* 389 Pa.Super. 430, 567 A.2d 680, 682 (1989) (citation omitted). Further, " 'any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.' " *Vann v. Com., Unemployment Compensation Board of Review,* 508 Pa. 139, 494 A.2d 1081, 1086 (1985) (quoting *Groch v. Unemployment Compensation Board of Review,* 81 Pa. Cmwlth. 26, 472 A.2d 286, 288 (1984)). We find appellate review of appellant's fifth issue impossible. Therefore, we are constrained to find it waived.

¶ 6 We could easily find Acrivos' other issues waived as the major portion of the argument section of his brief can only be described as a rambling diatribe in which appellant sets forth various complaints about his wife's relationships with members of her church. *See Com. v. Rice,* 568 Pa. 182, 795 A.2d 340 (2002). However, the defects in Acrivos' brief, do not inhibit our review of the first four issues in the Statement of Questions Involved. We now will address these issues.

 ¶ 7 Acrivos first alleges error because he was denied appointed counsel. The law is well settled that there is no right to counsel in civil cases. *Witt v. LaLonde,* 762 A.2d 1109 (Pa.Super.2000) (held no right to appointed counsel in custody/visitation case). Therefore, this claim fails.

 ¶ 8 Acrivos next alleges that the court erred by denying marriage counseling in violation of the Divorce Code. There are only three situations that present the court with an opportunity to order counseling. Section 3302 of the Divorce Code provides:

**(a) Indignities.**—Whenever indignities under section 3301(a)(6) (relating to grounds for divorce) is the ground for divorce, the court shall require up to a maximum of three counseling sessions where either of the parties requests it.

**(b) Mutual consent.**—Whenever mutual consent under section 3301(c) is the ground for divorce, the court shall require up to a maximum of three counseling sessions within the 90 days following the commencement of the action where either of the parties requests it.

**(c) Irretrievable breakdown.**—Whenever the court orders a continuation period as provided for irretrievable breakdown in section 3301(d)(2), the court shall require up to a maximum of three counseling sessions within the time period where either of the parties requests it or may require such counseling where the parties have at least one child under 16 years of age.

23 Pa.C.S.A. § 3302(a), (b) and (c).

¶ 9 The law is clear that the trial court is under no obligation to order marriage counseling if no reasonable prospect of reconciliation exists. *Liberto v. Liberto,* 360 Pa.Super. 284, 520 A.2d 458 (1987) (held trial court not required to order counseling where it would be a "fruitless and useless exercise"). The Acrivoses had no children and the trial court below found no chance for reconciliation in the Acrivos marriage. Opinion, 3/19/2002, at 3. Therefore, the trial court's denial of Acrivos' request for marriage counseling was proper.

 ¶ 10 Acrivos' final two issues allege the trial court erred by granting divorce on no-fault grounds when Acrivos desired to proceed on a fault theory for adultery and desertion. Section 3301(e) of the Pennsylvania Divorce Code reads as follows:

> **(e) No hearing required in certain cases.**—If grounds for divorce alleged in the complaint or counterclaim are established under subsection (c) or (d), [no-fault sections] the court shall grant a divorce without requiring a hearing on any other grounds.

23 Pa.C.S.A. § 3301(e).

¶ 11 This Court has held that with the passage of no-fault divorce in 1980, " 'the vindication of private rights or the punishment of matrimonial wrongs' is expressly proscribed in the Divorce Code's legislative findings and intent." *Perlberger v. Perlberger,* 426 Pa.Super. 245, 626 A.2d 1186, 1195 (1993), *appeal denied,* 536 Pa. 628, 637 A.2d 289 (1993) (affirmed trial court's grant of no-fault divorce when theories of no fault and fault were presented). We find, therefore that the trial court did not err when it granted Rich a no-fault divorce despite Acrivos' allegations of fault.

¶ 12 It is apparent from his *pro se* filings that Mr. Acrivos is consumed by the perceived injustice of his former wife's actions and distressed by her ability to obtain a no-fault divorce. As difficult as it may be, Mr. Acrivos needs to accept the fact that his marriage ended in divorce, stop his relentless pursuit of his ex-wife and move forward with his life.

### III. CONCLUSION

¶ 13 For the reasons stated above, we affirm the order of the trial court finding that the marriage was irretrievably broken.

¶ 14 Order affirmed.

¶ 15 ORIE MELVIN, J., concurs in the result.