J-S56003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAINE SHEPPARD PELZER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DEMETRIUS W. FANNICK, | |
| Appellee | No. 2165 MDA 2015 |

Appeal from the Order Entered November 16, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 12727-2009

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 16, 2016**

Appellant, Caine Sheppard Pelzer, appeals *pro se* from the trial court's order, entered on November 16, 2015, denying his request for the appointment of counsel in his underlying civil case.  After careful review, we conclude that the order from which Pelzer appeals is interlocutory and not otherwise appealable.  Accordingly, we quash this appeal.

It is unnecessary to provide extensive details about the procedural history underlying this appeal.  We need only note that this case was initiated when Pelzer filed a civil complaint against his former, privately-retained attorney, Demetrius W. Fannick, Esq, who had represented Pelzer in a prior, unrelated criminal case.  In Pelzer's complaint, he primarily raised

_____

[*] Former Justice specially assigned to the Superior Court.

claims sounding in legal malpractice. According to the trial court, Pelzer mainly alleged "that he paid Fannick $5,000.00 to pursue an appeal of his criminal conviction based on the theory of ineffective assistance of trial counsel and Fannick failed to file a [p]etition for [relief under the] Post Conviction Relief [Act, 42 Pa.C.S. §§ 9541-9546,] despite assurances that he would do so." Trial Court Opinion (TCO), 3/16/16, at 2-3. During the course of the underlying litigation, Pelzer filed numerous requests for the appointment of counsel, all of which were denied. *See id.* at 1-2. On November 16, 2015, the court again denied a request by Pelzer for the appointment of counsel, and Pelzer filed the instant appeal.

On January 14, 2016, this Court issued a rule to show cause why Pelzer's appeal should not be quashed as having been taken from an order that is interlocutory and not yet appealable. *See Per Curiam* Order, 1/14/16. On February 3, 2016, Pelzer filed a *pro se* response, and on March 1, 2016, this Court discharged our rule to show cause, directing that "[t]he merits panel may revisit the issue and may find that the appeal is defective." *Per Curiam* Order, 3/1/16. We also stated that Pelzer "should be prepared to address the issue in his brief[,]" which Pelzer has done. *Id.* Thus, we begin by assessing whether the court's November 16, 2015 order is appealable, as that question "goes directly to the jurisdiction of the Court asked to review the order." *In re N.B.*, 817 A.2d 530, 533 (Pa. Super. 2003) (citing *Pace v. Thomas Jefferson Univ. Hosp.*, 717 A.2d 539, 540 (Pa. Super. 1998)).

"It is well-settled that, generally, appeals may be taken only from final orders…." ***Commonwealth v. Blystone***, 119 A.3d 306, 312 (Pa. 2015). "A final order is any order that disposes of all claims and all parties, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination." ***In re N.B.***, 817 A.2d at 533 (citing Pa.R.A.P. 341(b)(1)-(3)). Here, Appellant concedes that the November 16, 2015 order denying his request for the appointment of counsel is a non-final, interlocutory order. ***See*** Pelzer's Brief at 8 ("Initially, [Pelzer] notes that the [o]rder denying his request for appointment of counsel is technically interlocutory."). He argues, however, that the order is immediately appealable under the 'collateral order doctrine.' For the following reasons, we disagree.

Our Supreme Court has explained that:

[T]he collateral order doctrine permits an appeal as of right from a non-final order which meets the criteria established in Pa.R.A.P. 313(b). Pa.R.A.P. 313 is jurisdictional in nature and provides that "[a] collateral order is an order [1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

Thus, if a non-final order satisfies each of the requirements articulated in Pa.R.A.P. 313(b), it is immediately appealable. However, we construe the collateral order doctrine narrowly so as to avoid 'piecemeal determinations and protracted litigation.

***Blystone***, 119 A.3d at 312 (some internal citations and quotation marks omitted). We also note that this Court and our Supreme Court have

- 3 -

previously held, in both civil and criminal cases, that orders involving the denial or disqualification of counsel are interlocutory and do not meet the criteria for appealability as a collateral order. *See Commonwealth v. Johnson*, 705 A.2d 830 (Pa. 1998) (holding than an order disqualifying a criminal defendant's choice of counsel is interlocutory and not immediately appealable); *In re N.B.*, 817 A.2d at 535 (holding that an order denying a mother's right to counsel in a dependency proceeding failed to satisfy the collateral order doctrine and, thus, was not appealable); *Duttry v. Talkish*, 576 A.2d 53 (Pa. Super. 1990) (holding that an order denying an indigent petitioner's request for appointment of counsel in an ongoing custody/visitation case was interlocutory and not a collateral order).

Here, Appellant's arguments do not persuade us that his case presents a unique instance where an order denying a request for counsel in a civil case must be considered as an appealable order. Specifically, Appellant has not demonstrated that "the right involved is too important to be denied review[.]" Pa.R.A.P. 313(b). Regarding this prong of the collateral order doctrine, our Supreme Court has explained:

> [F]or purposes of Rule 313(b), a right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule. Additionally, the order [must] involve [ ] rights deeply rooted in public policy going beyond the particular litigation at hand, and [i]t is not sufficient that the issue is important to the particular parties involved.

*Blystone*, 119 A.3d at 312 (citations and quotation marks omitted).

Here, Appellant cannot demonstrate that the court's order denying his request for counsel impacts *any* right, let alone one that is "deeply rooted in public policy going beyond the particular litigation at hand…." *Id.* "The law is well settled that there is no right to counsel in civil cases." *Rich v. Acrivos*, 815 A.2d 1106, 1108 (Pa. Super. 2003). Appellant confusingly suggests that he has a Sixth Amendment right to counsel in *this* civil case because it is a "case within [a] case" that also involves a prior criminal action. Appellant's Brief at 9. Appellant does not develop any meaningful or coherent argument to support this claim; instead, he simply makes bald references to "the seriousness of [his] related criminal matter," and claims that he has a right to counsel because he "is being forced into proving that he did not commit a crime…." *Id.* Appellant's undeveloped and legally unsupported arguments fail to prove that the court's order denying him counsel implicates a right that is too important for us to deny his request for review at this juncture. Therefore, he cannot satisfy the second prong of the collateral order doctrine.[1]

_____

[1] We also point out that Appellant offers no coherent argument pertaining to why his ability to challenge the court's refusal to appoint him counsel will be irreparably lost if we decline to review this issue now. We can ascertain no reason why Appellant would not be able to assert such an argument on appeal after final judgment is entered in this case. Accordingly, we also conclude that Appellant failed to meet the third prong of the collateral order doctrine.

Because the court's November 16, 2015 order denying Appellant court-appointed counsel is an interlocutory order, and Appellant has failed to prove that the collateral order doctrine applies, we quash this appeal.

Appeal quashed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2016