J-A14032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| REBECCA F. YOUNG, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH W. YOUNG | : | |
| | : | |
| Appellee | : | No. 77 EDA 2018 |

Appeal from the Decree Entered November 29, 2017
in the Court of Common Pleas of Northampton County
Domestic Relations at No.:  C-48-CV-2012-6428

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 30, 2018**

Appellant, Rebecca F. Young (Wife), appeals from the divorce decree entered on November 29, 2017, which made final the March 23, 2017 order dismissing her exceptions to the Divorce Master's report.[1]  We affirm.

We take the relevant facts and procedural history of this case from the trial court's May 15, 2017 opinion and our independent review of the certified record.  Wife and Appellee Keith W. Young, (Husband), were married in February of 1977.  Wife filed a complaint in divorce on July 5, 2012.  The parties appeared for a hearing before a Divorce Master on December 6, 2016, at which Wife proceeded *pro se*.

_____

[1] We note that a pre-divorce order cannot be reviewed until it has been rendered final by the entry of a decree in divorce.  ***See Wilson v. Wilson***, 828 A.2d 376, 378 (Pa. Super. 2003).

_____

*   Retired Senior Judge assigned to the Superior Court.

On January 9, 2017, the Master filed a report detailing his recommendations regarding the equitable distribution of the parties' marital assets and Husband's support obligations. Wife filed *pro se* exceptions to the Master's report on January 19, 2017. She did not appear at the scheduled February 21, 2017 hearing on the exceptions. The trial court relisted the matter for March 21, 2017, and instructed Wife that she must comply with Northampton County Local Rule of Civil Procedure N1920.55-2, regarding transcription of the record before a Divorce Master.[2] (**See** Order, 2/22/17). The court advised that "[f]ailure to comply with this Rule will result in the dismissal of the Exceptions." (**Id.**).

Wife retained current counsel to represent her on March 8, 2017, and she requested another continuance. The trial court denied this request,

_____

[2] Local Rule N1920.55-2, Exceptions to Divorce Master's Report, provides:

> (a) If exceptions are filed to the report of a Divorce Master, the excepting party shall within ten (10) days arrange for the transcribing of the testimony for filing with the court and pay to the stenographer within said time the estimated cost thereof, unless the court on motion shall grant an extension for cause shown. The completed transcript shall be filed within thirty (30) days of the filing of the exceptions unless the court on motion shall grant an extension for cause shown.

> (b) Absent good cause shown, failure of the excepting party to act promptly in accordance with (a) above to pay the cost and secure the transcript shall result in the dismissal of said exceptions by the court upon motion.

Rule N1920.55-2.

reiterated its admonition regarding Rule N1920.55-2, and advised that counsel could either argue the exceptions at the hearing, or the court would accept the matter on the briefs. (**See** Order, 3/10/17, at 1-2). Wife's counsel did not appear at the March 21, 2017 proceeding, and the parties submitted briefs to the court. Wife had not secured the transcript of the hearing before the Master, or demonstrated that she had paid for it, nor had she filed a motion requesting an extension of time to obtain it. (**See** Order, 3/23/17). On March 23, 2017, the trial court dismissed Wife's exceptions with prejudice, for her failure to comply with Rule N1920.55-2. (**See id.**). The court entered the divorce decree on November 29, 2017. This timely appeal followed.[3]

Wife raises the following overlapping issues for our review:

[1.] Did the [trial c]ourt err by not determining Wife was denied due process by not being allowed or advised to retain counsel for the master's hearing?

[2.] Did the [trial c]ourt err by not determining Wife was denied due process by having her claim of equitable distribution decided when by the Master's own admission almost 70% of the issues required to be addressed by statute are not even mentioned, much less established?

[3.] Did the [trial c]ourt err by not determining Wife was denied due process when her request to leave the record open in order to bring forth two (2) subpoenaed witnesses was denied as the Master felt them unnecessary?

---

[3] Wife timely filed a court-ordered concise statement of errors complained of on appeal on January 23, 2018. **See** Pa.R.A.P. 1925(b). The trial court entered a Rule 1925(a) statement on February 6, 2018, in which it referred this Court to its previous opinion, filed May 15, 2017. **See** Pa.R.A.P. 1925(a).

[4.] Did the [trial c]ourt err by not directing a second hearing be held to establish at least a whisper of seven of the eleven enumerated subsections of 23 Pa.C.S.A. § 3502 to be addressed?

[5.] Did the [trial c]ourt err by not directing that a second hearing be held in order to allow the Master an opportunity to provide a discussion and rationale for the split of the assets?

[6.] Did the [trial c]ourt err when it denied the exceptions of [Wife] when a transcript was ordered but could not be completed prior to the hearing on the exceptions?

[7.] Was [Wife] denied her due process by not being allowed the opportunity to be heard through presenting her own testimony?

(Wife's Brief, at 31-33).

We begin by noting:

[a] trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

- 4 -

*Carney v. Carney*, 167 A.3d 127, 131 (Pa. Super. 2017) (citations and quotation marks omitted).

Wife's first three issues allege the denial of her due process rights at the hearing before the Divorce Master, at which she proceeded *pro se*. (**See** Wife's Brief, at 55-60). Wife argues that she was denied due process because she did not adequately waive her "right" to counsel, and because the Master made his decision based on an insufficient record and without testimony from her or two subpoenaed witnesses. (**Id.** at 55; **see id.** at 55-60).[4] These issues are waived.

An appellate brief must support the claims presented with citation to and discussion of pertinent legal authorities. **See** Pa.R.A.P. 2119(a)-(c). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Krauss v. Trane U.S. Inc.**, 104 A.3d 556, 584 (Pa. Super. 2014) (citation omitted). "When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101." **Id.** (case citation omitted).

Here, Wife has cited one **criminal** case concerning PCRA relief, (for the general proposition that due process requires an opportunity to be heard and to defend oneself before a fair tribunal), throughout her six-page argument,

---

[4] Wife claimed that she subpoenaed two witnesses, the parties' son and a stockbroker, who did not appear at the Master's hearing. (**See** Wife's Brief, at 58-59). However, she did not provide confirmation to the Master that these individuals had actually been subpoenaed. (**See** Master's Report, 1/09/17, at 2 n.1; N.T. Hearing, 12/06/16, at 120).

wherein she purports to raise three questions. (*See* Wife's Brief, at 55-60) (citing *Commonwealth v. Turner*, 80 A.3d 754 (Pa. 2013), *cert. denied sub nom. Turner v. Pennsylvania*, 134 S. Ct. 1771 (2014)). Wife has failed to discuss the law applicable in the civil divorce context, or to apply these precepts to the facts of this case. Therefore, she has waived her first three claims. *See* Pa.R.A.P. 2101, 2119(a)-(c); *Krauss*, *supra* at 584; *see also Kanter v. Epstein*, 866 A.2d 394, 402 (Pa. Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005), *cert. denied*, 546 U.S. 1092 (2006).

Moreover, her issues would not merit relief. "The law is well settled that there is no right to counsel in civil cases." *Rich v. Acrivos*, 815 A.2d 1106, 1108 (Pa. Super. 2003) (citation omitted). Additionally, a *pro se* litigant "is not entitled to any particular advantage because [s]he lacks legal training." *Id.* (citation omitted). "Further, any layperson choosing to represent h[er]self in a legal proceeding must, to some reasonable extent, assume the risk that h[er] lack of expertise and legal training will prove h[er] undoing." *Id.* (citations and internal quotation marks omitted). In short, an uncounseled litigant cannot expect the court to act as her attorney. *See Krauss*, *supra* at 584.

Here, the trial court provided the following analysis of Wife's claims:

> While [Wife] proceeded without counsel at the parties' hearing before [the Master], the record reflects that [she] was previously represented by three different attorneys throughout the parties' divorce proceedings. Moreover, [Wife] was able to retain [current counsel] for her appeal, demonstrating her ability to retain counsel when she chooses.

> [Wife] proceeded without legal counsel at the parties' hearing before [the Master] at her own risk. Neither [the Master], nor this court were required to suspend procedural rules or walk [Wife] through the procedural requirements necessary to reach the merits of [her] claims. . . .

(Trial Court Opinion, 5/15/17, at 7-8) (citations and footnote omitted).

We agree. Thus, Wife's first three issues would not merit relief, even if they were not waived.[5]

In Wife's fourth, fifth, and sixth issues, she argues that the trial court erred by not directing the Master to hold a second hearing to supplement the record, and by dismissing her exceptions without first allowing a continuance for production of the Master's hearing transcript. (*See* Wife's Brief, at 60-63). However, Wife neither discusses nor cites **any** legal authority in her arguments on these three issues, which collectively span only two and one-half pages. (*See id.*). These undeveloped claims therefore are waived.[6] *See* Pa.R.A.P. 2101, 2119(a)-(c); *Krauss*, *supra* at 584.

In her final issue, Wife reiterates her argument that she was denied due process at the Master's hearing because she was not permitted to testify, and requests that this Court remand for completion of the record. (*See* Wife's

---

[5] We note that Wife's repeated assertion that she was not allowed to testify at the Master's hearing, (*see* Wife's Brief, at 56-58, 63-65), is belied by the record, which shows that the Master did give her the opportunity to testify. (*See* N.T. Hearing, 12/06/16, at 120-21).

[6] Wife appears to concede that her argument regarding the necessity for a second Master's hearing to supplement the record is a regurgitation of her second issue. (*See* Wife's Brief, at 60-61).

Brief, at 63-65) (again citing **Turner**, **supra**).  This issue is waived and would not merit relief, for the reasons discussed above.  (**See supra**, at *5-7). Accordingly, Wife's final claim fails.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/30/18