J-S18011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| K.S., JR., | : | |
| | : | |
| Appellant | : | No. 1945 MDA 2019 |

Appeal from the Order Entered November 4, 2019,
in the Court of Common Pleas of Perry County,
Civil Division at No(s):  FC-2018-00267.

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                      **FILED JUNE 05, 2020**

In this matter, Appellant K.S., Jr. (Father) appeals from the order denying his petition for contempt.  Father argues that Appellee J.C. (Mother) violated their interim custody order when she relocated with the children from Perry County to York County without providing formal notice, as provided by 23 Pa.C.S.A. § 5337(c).  Father argues further that the court violated his right to due process by ratifying Mother's improper relocation.  After review, we affirm.

The record discloses the following factual and procedural history:  The parties are the parents of two children, ages 5 and 10.  The parties separated in June 2018, at which point they had an informal custody arrangement where they shared custody on a week-on, week-off basis.  In November 2018,

---

[*] Former Justice specially assigned to the Superior Court.

Mother filed a complaint seeking primary and physical custody. In February 2019, the parties appeared for a custody conciliation, and the court issued an interim order granting Mother primary physical custody, subject to Father's partial physical custody every other weekend. When the court issued this interim order, the parties resided approximately 8 miles away from each other, both in Perry County. The court set the final custody hearing for May 10, 2019.

In mid-April 2019 – after the issuance of the interim order but before the final custody hearing – Mother and the children moved to York County into the home of Mother's boyfriend. Although the younger child was not of school age, the older child was, and thus the move also resulted in a change of school districts. Instead of being 8 miles apart, the distance became 22 miles. Mother notified Father of the move via text message, but she did not provide him notice of the relocation as mandated by 23 Pa.C.S.A. § 5337(c) and the interim order itself. Notwithstanding his alleged disagreement with the relocation, Father, who was unrepresented at the time, did not raise this concern with the court until the May 2019 custody hearing.

Although Mother's move was addressed at the May 2019 custody hearing, the court did not consider the move to be a "relocation" for the purposes of Section 5337(h) (relating to the relocation factors) when arriving at a final custody order. The final custody order formalized the parties' February interim order: legal custody remained shared and Father had partial custody every other weekend.

Notably, Father did not appeal the court's May 21, 2019 custody order. In fact, Father did not raise Mother's improper notice of the relocation until October 2019, when he petitioned for Mother's contempt of the parties' February interim custody order.[1] Father obtained counsel through the YWCA Legal Center, and the court held the contempt hearing on October 30, 2019. During the hearing, the court limited the introduction of evidence to those events following the May custody hearing. Ultimately, the court determined that Mother was not in contempt. Specifically, the court concluded that Mother's move did not amount to a statutory relocation, and even if it did, the issue was waived by Father.

Father filed this instant appeal. He raises the following issues for our review:

> 1. Whether the trial court erred in holding Father waived the right to object to Mother's improper relocation?
>
> 2. Was Father denied due process when the trial court did not address any relocation factors at the May 10, 2019 custody hearing, or as a result of the trial court's failure to hold a relocation hearing?
>
> 3. Is the trial court's conclusory statement that Mother's alleged relocation did not meet the statutory definition of relocation misguided?
>
> 4. Is Father entitled to due process through a relocation hearing?

Father's Brief at 5 (superfluous capitalization omitted).

_____

[1] Father also petitioned for custody modification in August 2019, which he then amended and filed with the contempt petition. The court chose to keep these matters separate.

Before we reach the merits of Father's appeal, we must first address his contravention of our Rules of Appellate Procedure. Our Rules forbid this Court from considering issues not raised in the trial court. Pa.R.A.P. 302(a). If properly raised below, those issues must still be stated in Statement of Questions Involved section of the appellant's brief. Pa.R.A.P. 2116(a). The argument section of the brief shall be divided into as many parts as there are questions to be argued, and each part shall have as a heading "the particular point therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

Although the formally stated question will be deemed to include every subsidiary question fairly comprised therein (Rule 2116(a)), we have said that this Court cannot conduct a meaningful review if it has to guess what issues an appellant is appealing. *C.H.L. v. W.D.L.*, 214 A.3d 1272, 1278 (Pa. Super. 2019) (citation omitted). Moreover, when an appellant cites no authority supporting an argument, this Court is inclined to believe there is none. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 781 (*en banc*) (citing Pa.R.A.P. 2119(a)-(b) (requiring an appellant to discuss and cite pertinent authorities); *see also Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014) (finding issue waived because the appellant "cited no legal authorities nor developed any meaningful analysis.") It is not the duty of this Court to act as appellant's counsel, and we decline to do so. *C.H.L.*, 214 A.3d at 1277.

In the instant matter, Father's Concise Statement of Errors Complained Of On Appeal consisted of two verbose paragraphs. Those issues multiplied from two to four by the time they were listed in Father's Statement of Questions Involved section his Brief. Critically, those four Statements of Questions Involved do not correspond to the four headings in Father's argument section, which were reordered and reworded. Finally, most subsections do not include citation to relevant legal authority. As a result of these contraventions, Father's Brief is convoluted, and it forces us to guess at what issues Father is appealing. Nevertheless, we discern two surviving issues, which we restate as follows:

> A. Whether the trial court erred by concluding that Mother was not in contempt of the interim custody order for improperly relocating with the children?
>
> B. Whether the trial court violated Father's right to due process for concluding that Father waived his ability to object to the relocation?

Having identified which issues Father has preserved, we turn now to our substantive discussion. We start by observing our well-settled standards of review:

> Our scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial

> court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

***C.M.K. v. K.E.M.***, 45 A.3d 417, 421 (Pa. Super. 2012) (citations omitted).

Over review differs when an appellant presents a due process challenge:

> A question regarding whether a due process violation occurs is a question of law for which the standard of review is *de novo* and the scope of review is plenary.

***S.T. v. R.W.***, 192 A.3d 1155, 1160 (Pa. Super. 2018) (citations omitted).

In his first restated issue, Father argues that Mother was in contempt of the interim custody order when she failed to provide him proper notice of her relocation, from Perry County to nearby York County, as provided by Section 5337(c) of the Child Custody Act. ***See*** Father's Brief at 11; 16.  The court denied Father's contempt petition, reasoning that Father waived such a claim when he failed to formally object when Mother moved, back in April 2019. Father counters by arguing that he could not object if Mother did not provide notice. ***See id.***

The elements of contempt are well-established. ***See J.M. v. K.W.***, 164 A.3d 1260, 1264 (Pa. Super. 2017) (*en banc*) (citations omitted).  We need not restate them here, however, as Father wholly abandons the merits of his contempt claim.  Upon closer inspection of his Brief, it is clear that Father sought to utilize a contempt petition as a vehicle to revisit the relocation issue. In fact, Father argues that the court's contempt decision was premature even though he was the petitioning party:

Because the trial court mistakenly ratified Mother's improper relocation without conducting a relocation hearing as required by Section 5337 of the Child Custody Act, its ruling, in part, from October 30, 2019, finding Mother not in contempt, must be stayed until such relocation hearing takes place.

The trial court's order finding Mother not in contempt on the issue of relocation, when the underlying issue of relocation was never addressed by the trial court, was premature and should be remanded for reconsideration after the relocation hearing occurs.

Father's Brief at 10 ("Summary of Argument") (superfluous capitalization omitted).

Indeed, Father freely admits that his contempt petition "was Father's only remedy to address Mother's improper relocation, because the Court never held a hearing addressing the relocation factors and never provided notice to Father that Father was expected to present testimony objecting to Mother's improper relocation at the May 2019 hearing on custody." **See** Father's Concise Statement, at ¶ 2.

To be sure, Mother did not follow proper procedure when she relocated with the children to a nearby county. Section 5337(c) mandates that the party proposing relocation shall notify the other parent by certified mail, return receipt requested. **See also** Pa.R.C.P. 1915.17 ("Relocation. Notice and Counter-Affidavit.") A text message is not enough. Be that as it may, Mother did provide Father with verbal notice. Unlike most relocation cases, the parties had a pending custody hearing when Mother moved with the children. Had Father filed a formal counter-affidavit, the matter would have almost certainly

been consolidated with the pending custody hearing. At the instant custody hearing, Mother's move was addressed. If Father objected to either Mother's relocation, or her noncompliance with the formal notice procedure, he should have raised the issue at the final custody hearing or at least taken an appeal within 30 days from the issuance of the final custody order. **See** Pa.R.A.P. 903. It appears he did neither. Instead, he waited approximately five months to seek redress.

We are sympathetic that Father initially attempted to navigate the custody process without legal representation, and that this likely contributed to the waiver. Still, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing. **Rich v. Acrivos**, 815 A.2d 1106, 1108 (Pa. Super. 2003). Thus, his first restated issue merits no relief.

In his second restated issue, Father argues that Mother's improper relocation violated his right to due process, regardless of whether her actions constituted contempt. Specifically, Father argues that the court erred by not considering the relocation factors (Section 5337(h)) in conjunction with the standard custody factors (Section 5328(a)) when fashioning its final custody decision in May 2019. **See** Father's Brief at 18. Father contends further that because he has yet to consent to Mother's relocation, he is still entitled to a hearing on the same. **See id.** at 16. We are also mindful of those allegations in Father's second concise statement, **supra**, wherein Father claims the court

should have made him aware that relocation was at issue at the May 2019 custody hearing.

In custody hearings, parents have at stake fundamental rights: namely, the right to make decisions concerning the care, custody, and control of their child. *See Troxel v. Granville*, 530 U.S. 57 (2000); *see also* U.S.C.A. Const. Amends. 5, 14; *and see also generally D.P. v. G.J.P.*, 146 A.3d 204 (Pa. 2016). Due process must be afforded to parents to safeguard these constitutional rights. *S.T.*, 192 A.3d at 1161. "Formal notice and an opportunity to be heard are fundamental components of due process when a person may be deprived in a legal proceeding of a liberty interest, such as physical freedom, or a parent's custody of her child." *Id.* (quoting *J.M. v. K.W.*, 164 A.3d 1260, 1268 (Pa. Super. 2017) (*en banc*)) (further citation omitted). It is well settled that "procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Id.* (quoting *J.M.*, 164 A.3d at 1268, n. 5. (further citation omitted)). "Due process is flexible and calls for such procedural protections as the situation demands." *See, e.g., In re Adoption of Dale A., II*, 683 A.2d 297, 300 (Pa. Super. 1996) (citation omitted).

As a relocation case is a custody case, due process attaches. Where the result of the proposed custody order would result in a relocation, the court had to consider both the Section 5337(h) relocation factors, as well as the Section 5328(a) factors. *See, e.g., D.K. v. S.P.K.*, 102 A.3d 467, 477 (Pa.

Super. 2014). Notwithstanding the gravity of the rights at stake, we have held that "[p]arties may waive rights, even due process rights and other rights of constitutional magnitude." *Tecce v. Hally*, 106 A.3d 728, 732 (Pa. Super. 2014). In *Tecce*, the trial court made factual findings and credibility determinations without taking testimony, without receiving evidence, and without allowing cross-examination. Shockingly, neither party objected to this procedure. On appeal, we acknowledged the plainness of the trial court's errors, but we could not correct them. Instead, we were constrained to find waiver and affirmed the trial court accordingly.

Here, the trial court opined that Mother's move did not constitute a "relocation" as contemplated by the Child Custody Act. The Act defines a relocation as: "A change in a residence of the child which significantly impairs the ability of a nonrelocating party to exercise custodial rights." 23 Pa.C.S.A. § 5322. Given that the children moved from 8 miles away to 22 miles away, to a different county, which required the children to change school districts, we are skeptical of the trial court's characterization. However, we do not reach a decision about whether the move constituted a relocation, as it is clear Father waived this issue as well.

Even if the court should have considered both sets of factors, Father had an obligation to appeal within 30 days from the final custody order. *See* Pa.R.A.P. 903. We certainly disagree with Father's contention that the trial court was obligated, *sua sponte*, to hold a relocation hearing once it learned during the custody hearing that Mother had moved. *See* Father's Brief at 18.

- 10 -

Nothing in the Child Custody Act mandates that the trial court protect a parent's rights by advising him how best to proceed. That is the role of counsel.

In sum, the trial court did not err when it determined that Father waived his ability to petition for Mother's contempt of the relocation provision in the parties' February interim order. We conclude further that to the extent that the court's relocation procedure or substantive relocation decision violated Father's right to due process, Father has waived this claim as well. Finally, insofar as Father has raised other issues besides these, those issues are waived for his noncompliance with our Rules of Appellate Procedure.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/05/2020