J-S49018-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| C.S. MCKEE, L.P., MARK R. GENSHEIMER, BRYAN R. JOHANSON, EUGENE M. NATALI, JR., MICHAEL P. DONNELY, BOYD M. HANSON, BRIAN S. ALLEN, JACK P. WHITE, ROBERT M. ROSSI, KENNETH GOTWALD, MICHAEL J. DONNELLY, NANCY BANKER, SHANE NICKOLICH, JEFFREY R. DAVIDEK, LEONARD J. BOSS, KELLY L. LESKO, ZACHARY K. HUBERT, MARY JO MANNING, THERESA L. COSTANZO, LORI A. BOLLMAN, AND ANDREW M. FADEREWSKI, INDIVIDUAL AND PARTNERS OF, AND ON BEHALF OF, C.S. MCKEE, L.P. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | No. 24 WDA 2020 |
| v. | |
| C.S. MCKEE, LLC AND GREGORY M. MELVIN | |
| v. | |
| EUGENE M. NATALI, SR. | |
| APPEAL OF: GREGORY M. MELVIN | |

Appeal from the Order Entered January 2, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD 16-017494

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

_____

[*] Former Justice specially assigned to the Superior Court.

MEMORANDUM BY DUBOW, J.:              FILED NOVEMBER 20, 2020

Pro se Appellant, Gregory M. Melvin, purports to appeal from an Order entered on January 2, 2020, which denied his Emergency Motion for an Injunction.  Following our review of Appellant's Brief, we conclude that Appellant has failed to conform to the requirements of the Pennsylvania Rules of Appellate Procedure, which significantly impedes our review.  Because we are unable to conduct meaningful appellate review, we dismiss this Appeal.

The underlying action, which commenced on September 16, 2016, is a dispute in the business operations of C.S. McKee.[1]  On July 9, 2018, the trial court appointed a Custodian to oversee operations and to consider offers from third parties interested in the purchase or acquisition C.S. McKee.

The Custodian secured a deal with Estancia Capital Management ("Estancia").  On October 29, 2019, the trial court approved an Asset Purchase Agreement ("APA") with Estancia.  C.S. McKee and Estancia executed the APA on November 15, 2019.

In December 2019, on several occasions, Appellant demanded to inspect the records of C.S. McKee.  In response, the Custodian offered to provide "required information," as defined by the Pennsylvania Uniform Limited Partnership Act, 15 Pa.C.S. § 8618, subject to certain conditions related to the scope and timing.

---

[1] At the outset of the litigation, Appellant was the chief investment officer and a limited partner of C.S. McKee.  The limited partnership was managed and controlled exclusively by its sole general partner, C.S. McKee, LLC. Appellant is one of two equal members of the general partner.

Dissatisfied with this response, on January 2, 2020, Appellant filed an Emergency Motion for an Injunction requesting that the trial court direct the Custodian to permit Appellant "to inspect and copy C.S. McKee records in preparation for filing Dissenter Rights to determine a fair market value of his units, to prepare for current Arbitration proceedings, and [because] . . . [the] Custodian and General Partner Eugene Natali and Limited Partners are attempting to hinder [Appellant] from filing a Whistleblower Complaint with the Securities and Exchange Commission]." Emergency Motion for an Injunction, 1/2/20, at 1. On the same day, the trial court held a hearing and denied Appellant's Motion.

Appellant timely and pro se appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. In this Court, however, Appellant has not filed a proper brief.

Appellate briefs must conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may dismiss an appeal if the defects in a brief are substantial. Pa.R.A.P. 2101 (mandating compliance with our appellate rules). See, e.g., Branch Banking and Trust v. Gesiorski, 904 A.2d 939, 942-43 (Pa. Super. 2006) (dismissing pro se appeal because briefing errors precluded meaningful appellate review)

The errors and omissions in Appellant's Brief are substantial. Appellant does not include a statement of jurisdiction, a statement of the scope and standard of review, the order or other determination in question, a statement

of the questions involved, or a statement of the case.[2]  See Pa.R.A.P. 2111, 2114-2119.  In particular, we note that Rule 2116 provides that "[no] question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."  Pa.R.A.P. 2116(a).  Appellant's failure to include any question for our consideration renders meaningful review nearly impossible.

Perhaps most egregious, however, is that Appellant does not present anything that approaches a cogent legal argument with pertinent discussion, references to the record, or analysis of any controlling authority.  See Pa.R.A.P. 2119.  See, e.g., Egan v. USI Mid-Atlantic, Inc., 92 A.3d 1, 17 (Pa. Super. 2014) (finding waiver where Appellant failed to establish that the trial court erred and "provide[d] no discussion as to why the attorney-client privilege applied"); Lackner v. Glosser, 892 A.2d 21, 30 (Pa. Super. 2006) (finding waiver because "[a]ppellant's brief fails to raise or even touch upon any issue involving [several of] his counts" including his request for an

_____

[2] Appellant includes a summary of his argument, which asserts a "violation of every known precedent" without actually citing a precedent.  Appellant's Br. at 4.  Appellant also correctly states that Pennsylvania Rule of Civil Procedure 1531 "sets forth the procedural steps [necessary] to obtain a preliminary injunction" but fails to identify what those steps are.  See id.  Immediately thereafter, Appellant includes a subsection entitled "Background."  Appellant's Br. at 5.  However, Appellant does not include a coherent procedural history or clear, chronological statement of facts relevant to his Emergency Motion for an Injunction.  See Pa.R.A.P. 2117.  Thus, this section of Appellant's Brief is not helpful.

injunction). Thus, even if we could infer questions meaningful to the trial court's decision, we have no idea of Appellant's legal position.

Appellant begins his Argument with a general statement that this appeal is "a simple case of enforcing books and records rights of the majority owner." Appellant's Br. at 9.[3] He does not define what those rights are or provide a legal basis for their recognition; he does not assert how the Custodian deprived him of those rights, or why he believes that the trial court erred in declining his Emergency Motion for an Injunction. Beyond his initial general statement, Appellant presents nothing more than a bald assertion that the trial court always rules against him and what appear to be a series of emails exchanged between Appellant, opposing counsel, and the trial court. Appellant's Br. at 9-10. This does not constitute a proper legal argument.

"While this [C]ourt is willing to liberally construe materials filed by a pro se litigant, we note that appellant is not entitled to any particular advantage because he lacks legal training." Rich v. Acrivos, 815 A.2d 1106, 1108 (Pa. Super. 2003) (punctuation and citation omitted). Our Supreme Court has explained that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." Vann v. Commonwealth Unemployment Comp. Bd. of Review, 494 A.2d 1081, 1086 (Pa. 1985) (citation omitted).

_____

[3] Appellant does not cite evidence in support of his assertion that he is a majority owner of C.S. McKee.

- 5 -

We decline to become Appellant's counsel. Appellant's abject failure to adhere to the Rules of Appellate Procedure and to develop issues with citation to legal authorities prevents this Court from conducting meaningful appellate review of the trial court's decision to deny Appellant's Emergency Motion for an Injunction. Accordingly, we dismiss this appeal.

Appeal dismissed.

Judge Olson did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2020