J-A14041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY MARKS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANNA MARKS | : | |
| | : | |
| Appellant | : | No. 2622 EDA 2022 |

Appeal from the Decree Entered September 14, 2022
In the Court of Common Pleas of Northampton County
Civil Division at No(s):  C-48-CV-2016-09322

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED AUGUST 14, 2023**

Shanna Marks ("Wife") appeals *pro se* from the order issuing a final decree divorcing her from Timothy Marks ("Husband").  We affirm.

The trial court provided the factual and procedural history of this case, which we set forth in relevant part, as follows:

> [Husband filed a Complaint in Divorce on October 26, 2016, seeking a divorce under, *inter alia*, 23 Pa.C.S.A. § 3301(d) and asserting, among other things, that "[t]he parties are not currently living as husband and wife, and will have lived separate and apart continuously for a period of at least two years at the time of the hearing of this matter . . . ."  Complaint, 10/26/16, at ¶ 13.]

> [T]he parties litigated equitable distribution before the [Divorce] Master [on] October [15,] 2021[,] and the Master issued his report and recommendations on November 2, 2021.

> On November 19, 2021, [Wife] filed exceptions to the Master's recommendations.

> On January 19, 2022, after review of the exceptions, [the trial court] issued [its] [o]rder disposing of [Wife's] exceptions.

[The trial court] accepted the Master's recommendations. Further, [the o]rder directed: "The parties will be divorced from their bonds of matrimony via a decree to be entered contemporaneously with this Order." However, according to the docket[,] no final divorce order was entered contemporaneously with the January 19, 2022 Order.

* * * *

On September 14, 2022, the final [d]ivorce [decree] was presented to the [trial court] by Husband's counsel[,] and [the court] signed the same . . ..

* * * *

On October 14, 2022, Wife filed a[ *pro se*] appeal [from] the [d]ivorce [d]ecree signed on September 14, 2022. Therefore, the final [d]ivorce [d]ecree . . . was placed before the Superior Court on [a]ppeal.

* * * *

[The trial court] directed [Wife] to file a Concise Statement of Matters Claimed of on Appeal as required by Pa.R.A.P. 1925(b). . . ..

[The court] received a copy of [Wife's *pro se* c]oncise [s]tatement on November 10, 2022. . . ..

Trial Court Opinion, 11/14/22, at 1-4 (paragraphs re-ordered for clarity). The

trial court complied with Pa.R.A.P. 1925(a)

Wife raises the following issues for our review:

1. Whether the case was ripe for trial. Act 102 3301(d) the separation law changed from 2 years to 1-year effective November 4, 2016[?] [sic]

2. Whether the conduct of [H]usband and [W]ife[,] after filing of the complaint[,] is sufficient to extend the date of separation beyond the date of the service of the complaint[?]

- 2 -

3. Whether the separation date has an effect on equitable distribution, support, apl, custody[sic][?]

4. Whether the record was complete and accurate[?]

5. Whether there was fraud in the court[?]

Wife's Brief at 6.

Our standard of review in divorce actions is well-settled:

It is the responsibility of this Court to make a *de novo* evaluation of the record of the proceedings and to decide independently of the . . . lower court whether a legal cause of action in divorce exists. However, in determining issues of credibility, the lower court's findings must be given the fullest consideration[,] for it was the lower court who observed and heard the testimony and demeanor of various witnesses.

*Frey v. Frey*, 821 A.2d 623, 627 (Pa. Super. 2003) (internal citations, brackets, and quotations omitted).

Initially, we observe that the argument section of Wife's brief speaks only to the issue of separation and whether the trial court's ruling regarding the date of separation was in error. **See** Wife's Brief at 30. Wife's remaining issues are thus undeveloped and thereby waived. **See Karn v. Quick & Reilly Inc.**, 912 A.2d 329, 336 (Pa. Super. 2006) (providing that "[a]ppellate arguments which fail to adhere to [the Rules of Appellate Procedure] may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention").[1]

_____

[1] Regarding *pro se* litigants, this Court has stated:
*(Footnote Continued Next Page)*

- 3 -

In her sole preserved appellate issue, Wife challenges the divorce decree based on her assertion that the parties had not been separated for the requisite amount of time. Section 3301(d) of the Divorce Code provides:

(1) The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived **separate and apart** for a period of at least one year and that the marriage is irretrievably broken and the defendant either:

(i) Does not deny the allegations set forth in the affidavit.

(ii) Denies one or more of the allegations set forth in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken.

23 Pa.C.S.A. § 3301(d) (emphasis added).[2]

The Divorce Code defines "separate and apart" as: "Cessation of cohabitation, whether living in the same residence or not. In the event a complaint in divorce is filed and served, **it shall be presumed that the**

_____

While this court is willing to liberally construe materials filed by a _pro se_ litigant, we note that appellant is not entitled to any particular advantage because [s]he lacks legal training. Further, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

**Rich v. Acrivos**, 815 A.2d 1106, 1108 (Pa. Super. 2003) (internal citations and quotations omitted).

[2] The prior version of the statute, effective up to December 4, 2016—thus, in effect at the time Husband filed his complaint—required two years of separation.

- 4 -

***parties commenced to live separate and apart not later than the date that the complaint was served*.**  23 Pa.C.S.A. § 3103 (emphasis added).

Regarding cohabitation, this Court has explained:

"[C]ohabitation" means "the mutual assumption of those rights and duties attendant to the relationship of husband and wife." Thus, the gravamen of the phrase "separate and apart" becomes the existence of separate lives not separate roofs.  This position follows the trend of Pennsylvania case law in which a common residence is not a bar to showing that the parties live separate and apart.  The ties that bind two individuals in a marital relationship involve more than sexual intercourse.

***Frey***, 821 A.2d at 628 (internal citations and quotations omitted).

As for the statutory presumption that the date of separation is the date the divorce complaint was filed, this Court has articulated the presumption's function as follows:

A presumption . . . is a procedural device which not only permits an inference of the presumed fact, but also shifts to the opposing party the burden of producing evidence to disprove the presumed fact.  Failure to meet this burden of production will normally result in a decision . . . in favor of the party invoking the presumption. In short, the party attempting to rebut the presumption has the burden of proof.

***McCoy v. McCoy***, 888 A.2d 906, 912 (Pa. Super. 2005) (internal citations, quotations, and brackets omitted).

Wife contests the trial court's finding that she and Husband lived separate and apart for more than two years by the time of the evidentiary hearing on October 15, 2021.  Wife argues that the final separation occurred only on August 27, 2021, "when husband abruptly, and forcefully, ceased cohabitation with the wife.  The husband subsequently terminated supporting

the wife by; refinancing, canceling, and/or closing all accounts. Husband then filed for emergency custody of the two children . . .." Wife's Brief at 30.

The trial court considered this issue and concluded it was meritless. According to the trial court, following the October 15, 2021 hearing before the Divorce Master, the court on January 19, 2022 adopted the Master's report. *See* Trial Court Opinion, 11/14/22, at 2; *see also* Order, 1/19/22, at ¶ 11. The trial court, in its Rule 1925(a) opinion again accepted the Divorce Master's report. *See* Trial Court Opinion, 11/14/22, at 5. The Divorce Master's report set forth his findings as follows:

> Before discussing the marital estate, it is necessary to address the date of separation. Wife contended that the parties had not been separated for one year and contended the parties had reconciled. . . ..
>
> The date of separation is presumed to be the date of the filing of the divorce complaint. This presumption "is a procedural device which not only permits an inference of the 'presumed' fact, but also shifts to the opposing party the burden of producing evidence to disprove the presumed fact." [] *McCoy*, 888 A.2d [at 912 . . ..
>
> There are no bright line rules whereby certain behavior establishes an intent to live separate and apart. Rather, all facts must be examined and weighted together. . . ..
>
> Applying Pennsylvania law to the facts presented in this case[,] it is clear that Wife failed to present sufficient evidence to establish that the parties had reconciled. The . . . parties made attempts to reconcile, discussed the withdrawal of the divorce complaint[;] Husband continued to financially support Wife, and the parties had sexual relations. Nevertheless, the testimony and evidence presented never clearly established that the parties had reconciled. On the contrary[,] all evidence showed that these efforts failed and despite the stop-and-go progress of the case, at no time did the parties actually resume life as husband and wife.

- 6 -

Therefore, the undersigned finds the date of separation to be October 26, 2016.

Divorce Master's Report, 11/2/21, at 2-3.

Based on our review, we conclude Wife is due no relief. In addition to the statutory presumption that the separation date is the date of the filing of the complaint, Husband testified that, notwithstanding some reconciliation attempts, the separation date was October 26, 2016, which was nearly five years before the evidentiary hearing. *See* N.T., 10/15/21, at 20-21, 30. Wife, during her testimony, did not offer any evidence to rebut the statutory presumption that separation occurred as of the filing of the divorce complaint. *See* N.T., 10/15/21, at 65-84. The most Wife established on this point was during her cross-examination of Husband in which he conceded the two continued to have sexual intercourse up to August 2021, though Husband also testified to his belief that Wife was having a sexual relationship during the same time with another man. *See id*. at 51. For the foregoing reasons, Wife's appellate issue merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2023